JON M. SANDS
Federal Public Defender
ANGELES RODRIGUEZ-MADERA
Puerto Rico Bar No. 20912
Email: angeles_rodriguez-madera@fd.org
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, AZ 85701
Telephone: (520) 879-7500
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JENNIFER LOPEZ,<br>Defendant. | No. CR21-01596-TUC-JAS(DTF)<br><br>**MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, TO REQUIRE THE GOVERNMENT TO ELECT BETWEEN CHARGES**<br><br>(Duplicity) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I. **Relevant Facts**

The indictment reads: "On or about July 13th, 2016, in the District of Arizona, Jennifer Lopez **knowingly and fraudulently attempted to export and send from the United States** any merchandise, article, or object contrary to any law or regulation of the United States, **and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise**, article or object, that is: a Springfield Armory model SA-1 7.62x51mm (.308/7.62 NATO) caliber belt-fed rifle; knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal

Regulations, Part 121.1; and Title 22, Code of Federal Regulations, Part 123.1." (Emphasis added).

## II. Law & Argument

Two or more different crimes may be charged in the same indictment in "separate counts," FED. R. CRIM. P. 8(a), but "separate counts" require that each count contain **one offense**." *See, generally*, C. Wright & A. Miller, 1A FED. PRAC. & PROC. CRIM. § 143 (5th Ed.). This requirement guards against "duplicity," which is "the joining in a single count of two or more distinct and separate offenses." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). The prohibition on duplicity "reflect[s] fundamental due process rights of defendants [.]" *Id.*

A duplicitous indictment creates several concerns: (1) it can lead to a conviction based on a non-unanimous verdict, in violation of due process, because a jury could find the defendant guilty on the count without having reached a unanimous verdict on the commission of a particular offense, *id.*; (2) it compromises a defendant's "Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count," *United States v. Aguilar*, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985); (3) it "also could eviscerate the defendant's Fifth Amendment protection against double jeopardy," because it can produce a trial record inadequate to allow a defendant to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense, *id.*; and (4) it can prejudice the defendant with respect to evidentiary rulings during the trial,

because evidence admissible on one offense might be inadmissible on the other, *United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985). Furthermore, the prohibition against duplicitous counts serves to provide a basis for appropriate sentencing and protects against limited review on appeal.

"In reviewing an indictment for duplicity, [the court's] task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir.1993) cited in *United States v. Mancuso*, 718 F.3d 780 (2013) The Ninth Circuit has stated that the remedy for a duplicitous count is to (a) require the government to elect between the distinct charges contained in the same count, or (b) to give a specific unanimity instruction that all jurors must agree beyond a reasonable doubt as to which of the distinct offenses the defendant committed. *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). *But see United States v. Rigas*, 605 F.3d 194, 210, 212-13 (3d Cir. 2010) (en banc) (stating that "[a]n impermissibly duplicitous indictment is subject to dismissal" and rejecting that duplicity is a mere pleading requirement). The Government's ability to cure the defect by election (without going back to the grand jury) is limited; if the election constitutes an amendment of form, it is acceptable, but if it constitutes an amendment of substance (altering the nature of the charge), it is not acceptable. *United States v. Aguilar*, 756 F. 2d 1418 (9th Cir. 1985).

3

A.  **The only Count in the Indictment impermissibly joins several different types of offenses under 18 U.S.C. § 554(a): attempting to export and receiving, buying, selling, and transporting merchandise contrary to law**

Count one of the Indictment is impermissibly duplicitous because it charges two separate crimes: (1) "attempting to export" contrary to law under § 554's first clause; and (2) receiving, buying, selling, or transporting, knowing that the exportation would be contrary to law under § 554's second clause.  The attempt to export crime is distinct because it requires proof of a different mental state and allows for different defenses, than that of receiving, buying, selling, or transporting.  As the Ninth Circuit reasoned in *Ramirez-Martinez*, 273 F.3d at 914, an attempt to export requires specific intent to commit the underlying crime, but knowingly buying or transporting prior to exportation for instance, does not.  Likewise, certain defenses are only available for specific intent crimes, such as diminished capacity and subjective mistake of fact. For these reasons, the attempted exportation offense and the buying or facilitating offense "are separate and distinct crimes," and an attempt is not a mere means of commission. *See id.* Charging both in the same count "violates the principle of duplicity". *See Ramirez-Martinez*, 273 F.3d at 913-15.

III. Remedy

As a remedy, the Indictment should be dismissed or, in the alternative, the Government should be required to elect among the several offenses contained under Count one before trial.  If the Government intends to proceed on with the charges as contained in the Indictment, however, then merely giving a specific unanimity instruction at the end

of the trial may result in the jury confusion.  Conflating multiple offenses for the jury at trial, either by allowing the jury to see the Indictment or by describing the charges in a single sentence that mirrors the Indictment, would confuse the jury as it evaluates the evidence and the arguments.

Specifically, the jury would have to evaluate whether Ms. Lopez only attempted to export or whether she bought, sold, or transported the items with knowledge that the exportation would be illegal in some respect under the laws of the United States. 9TH CIR. CRIM JURY INSTR. 8.35A (2019) (18 U.S.C. § 554) (requiring that "the defendant knew the [exportation] [sending] was contrary to law or regulation"), available at http://www3.ce9.uscourts.gov/jury-instructions/node/738.

Thus, if the Indictment is not dismissed and the Government intends to proceed on various charges at trial rather than elect between them, the jury's need to compartmentalize the very different acts and *mens* rea elements of each crime, including the sub-elements of an attempt, should at the least require that those separate offenses be described to the jury as distinct at every stage of the trial, not just in a jury instruction at the end.

IV.    Conclusion

For the reasons stated previously, count one of the Indictment should be dismissed for being impermissibly duplicitous.  In the alternative, the Court should order the Government to elect among the several charges contained in Count one.

RESPECTFULLY SUBMITTED:        June 30, 2022

JON M. SANDS
Federal Public Defender

*/s/ Ángeles Rodríguez-Madera*
ÁNGELES RODRÍGUEZ-MADERA